[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14554
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2011
JOHN LEY
CLERK

Agency No. A099-577-458


NILESH UPENDRA SHAH,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 21, 2011)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Nilesh Upendra Shah, a native and citizen of India, seeks review of the final

order of the Board of Immigration Appeals affirming the immigration judge's

("IJ") denial of Shah's application for asylum, withholding of removal, and relief

under the United Nations Convention Against Torture and Other Cruel, Inhuman

or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On

appeal, Shah argues that the record compels reversal because the Shiv Sena

political party in India threatened him, attacked him on two occasions (including

once with a pipe), broke his mother's arm, and harassed him and his family in

several cities over a three-year period. Shah argues that the cumulative effect of

these events amounted to persecution in retaliation for Shah's expressing his

political objections to Shiv Sena members visting his family's home. Shah also

argues that the BIA erred by concluding that he failed to establish a well-founded

fear of future persecution.[1]

We review the BIA's decision as the final judgment, unless the BIA has

expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th

Cir. 2007). In this case, the BIA wrote its own opinion, so we review only the

---

[1]    As an initial matter, we note that Shah's appellate brief does not address his claims for withholding of removal and CAT relief. If a petitioner fails to offer argument on an issue, that issue is abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Because Shah failed to address withholding removal and CAT relief in his brief, Shah abandoned these claims. *See id.* Moreover, although the BIA ruled *sua sponte* on withholding of removal and CAT relief, the issue is unexhausted because Shah failed to present these issues to the BIA. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-51 (11th Cir. 2006). Accordingly, we decline to address the claims.

BIA's decision.

We review the BIA's factual determinations under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We must "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotations omitted). Under this test, we view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz*, 479 F.3d at 765 (internal quotations omitted).

An alien who arrives in or is present in the United States may apply for asylum. The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien is a "refugee," as defined by INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). Section 1101(a)(42)(A) of Title 8 of the United States Code defines a refugee as:

> any person who is outside any country of such person's nationality,
> or, in the case of a person having no nationality, is outside any
> country in which such person last habitually resided, and who is

3

unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving her status as a statutory "refugee" and thereby establishing eligibility for asylum. *Al Najjar*, 257 F.3d at 1284. "To establish asylum eligibility based on political opinion, the alien carries the burden to prove, with credible evidence, either that (1) he suffered past persecution on account of his political opinion, or (2) he has 'a well-founded fear' that his political opinion will cause him to be persecuted." *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007).

"To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). To establish a "well-founded fear" of future persecution, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for

4

persecution on account of" the statutorily listed factor. *Id.* at 1287 (quotation omitted). Alternatively, an applicant can establish a well-founded fear of persecution by establishing that there is a pattern or practice of persecution of persons similarly situated on account of the statutorily listed factor. 8 C.F.R. § 208.13(b)(2)(iii).

However, not all "exceptional treatment" constitutes persecution. *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290 (11th Cir. 2006). Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Id.* (quotation omitted). "In determining whether an alien has suffered past persecution, the IJ must consider the cumulative effects of the incidents." *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007). To illustrate, we have held that menacing phone calls and threats to an alien, coupled with a bombing at the restaurant where she worked, did not compel a finding of persecution. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). Similarly, we rejected a claim of persecution where an alien, in addition to receiving threats, was detained at a police station for 36 hours, was kicked and beaten with a belt, and suffered multiple scratches and bruises. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008); *see also Kazemzadeh v.*

5

*U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009) (concluding that no persecution existed where the petitioner was arrested for participating in a student demonstration, interrogated and beaten for five hours, detained for four days, and monitored by authorities after his release); *Zheng*, 451 F.3d at 1289-91 (concluding that an alien did not suffer persecution where authorities detained him for five days, forced him to watch re-education materials, made him stand in the sun for two hours, and after his release, monitored him and occasionally searched his residence).

On the other hand, we upheld a persecution claim where an alien received numerous death threats, was dragged out of her car by her hair and beaten, had her groundskeeper tortured and killed by attackers looking for her, and was kidnapped and beaten before being rescued by government forces. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008-09 (11th Cir. 2008). Similarly, we agreed that an alien suffered persecution where he received numerous death threats over an 18-month period and was twice physically attacked, including having his nose broken with the butt of a rifle. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1257-58 (11th Cir. 2007); *see also Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1217 (11th Cir. 2007) (accepting a persecution claim where the petitioner suffered "numerous beatings, arrests, searches, and interrogations" and spent 15 days in detention

6

where he was "deprived of food, beaten, and threatened at gunpoint").

Substantial evidence supports the BIA's conclusion that incidents between Shah and the Shiv Sena supporters did not amount to persecution. Although Shah was attacked twice, the attacks were of short duration and caused only minimal injury, the attackers ran away after each encounter, and Shah was able to continue his job and school work despite the encounters. Although "scary," the beatings, vague threats, and harassment—considered either individually or collectively—were not so "extreme" that they amounted to persecution. *See Zheng*, 451 F.3d at 1290. Substantial evidence also supports the BIA's conclusion that Shah's fear of persecution was objectively unreasonable because he could safely relocate within India. As the BIA noted, Shah has never voted in an Indian election and conceded that he was not a high-profile political activist. Shah's parents have remained in India without incident since September 2007, and Shah conceded that the Congress party that he supports won the 2004 election and remains in power. Because substantial evidence supports the BIA's findings that Shah established neither past persecution nor a well-founded fear of future persecution, we deny the petition for review.

**PETITION DENIED.**